IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-6-TWP-DCP |
| JUSTIN P. MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANADUM AND ORDER**

This case is before the Court on the Motion for Temporary Release Pending Sentencing [Doc. 246], filed on December 6, 2018, and referred [Doc. 247] to the undersigned on that same day. *See* 28 U.S.C. § 636(b). On May 23, 2018, Defendant Morris entered a guilty plea to conspiracy to distribute fifty grams or more of methamphetamine and conspiracy to launder the proceeds of the drug conspiracy. At that time, District Judge Thomas W. Phillips ordered that the Defendant, who had been detained since his arrest in this case, remain in custody, pending his sentencing hearing. Defendant's sentencing hearing is presently scheduled for January 28, 2019. Defendant asks to be released for three days to attend the wake, funeral services, and interment for his six-year-old son, who died on December 6, 2018. Defendant offers his father, Scott Morris, as third-party custodian. The motion relates that Assistant United States Attorney Caryn Hebets does not object to the requested temporary release.

The parties appeared for a hearing on the motion on December 10, 2018. AUSA Hebets represented the Government. Attorney Robert R. Kurtz appeared on behalf of Defendant Morris. The Defendant participated by telephone from the Irwin County Detention Center, in

1

Ocilla, Georgia. Mr. Scott Morris, the Defendant's father also participated by telephone.

Mr. Kurtz argued that extraordinary circumstances exist for the Defendant's temporary release from custody. He stated that the Defendant's six-year-old son died in the early morning hours of December 6, 2018. Mr. Kurtz proposed that the Defendant be released to the custody of his father, who will transport him to the Defendant's son's wake, which is from 5:00 to 8:00 p.m., on December 10, 2018, in Athens, Georgia. The Defendant will stay with his father, who lives in Bethlehem, Georgia. The Defendant's father will drive him to the funeral on December 11, at 5 p.m., and then they will return to Scott Morris's house. The Defendant's father will then transport Defendant Morris back to the Irwin County Detention Center by noon on December 12, 2018. Mr. Kurtz maintained that the following conditions of release will assure the Defendant's compliance: That the Defendant submit to electronic GPS monitoring, that the Defendant's father Scott Morris serve as his third-party custodian, and that the Defendant be prohibited from operating a motor vehicle.

AUSA Hebets confirmed that the Government did not object to the Defendant's temporary release. She stated that the circumstances qualified as extraordinary and that the Defendant should be permitted to have this opportunity to see his son for the last time.

The Bail Reform Act requires that a defendant found guilty of a violation of the Controlled Substances Act, for which a term of imprisonment of ten years or more is prescribed, be detained while awaiting imposition of sentence. 18 U.S.C. § 3143(a)(2) (listing exceptions, which do not apply in this case). However, "[a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143 (a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that

there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). "Courts generally agree that the term 'exceptional reasons' is limited to those situations which are 'out of the ordinary,' 'uncommon,' or 'rare.'" *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008). Section 3143(a)(1) requires that the court find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

The Court finds that exceptional reasons exist to permit the Defendant to be released temporarily to attend his son's wake and funeral. Although the death of a relative may not alone qualify as an exceptional reason,[1] in the instant case, there are additional facts that make this case exceptional:

(1) The deceased family member is the Defendant's six-year-old son. The motion reflects that the child passed away unexpectedly. The Presentence Report reveals that this child is the Defendant Morris's only child, with whom he had regular contact and was very involved;

(2) Aside from his guilty plea to the instant charges, the Defendant has minimal criminal history with no convictions for violent offenses or crimes of escape;

(3) The Defendant's father Scott Morris is willing to be his third-party custodian, to allow the Defendant to stay at his house, to drive the Defendant to all places he is permitted to go, and to accompany the Defendant to the wake and funeral. In other words, the Defendant will be in Mr. Morris's constant custody during the entire three days; and

---

[1] Federal courts do not grant temporary release in every case in which a criminal defendant who is detained has a relative who dies. The District Court for the District of Maine has reasoned that "[f]rom the Court's perspective, the death of a family member, even a close family member, does not necessarily cross the threshold from common to exceptional. The death of close family members, though infrequent, is after all inevitable." *United States v. Kenney*, No. CR-07-66-B-W, 2009 WL 5217031, *2 (D. Me. Dec. 30, 2009).

> (4) The United States Probation Office is able to monitor the Defendant's location through GPS monitoring. Accordingly, the Court, through the Probation Office, will know if the Defendant departs from his set itinerary.

Additionally, based upon the conditions proposed by the Defendant and the United States Probation Office, the Court finds by clear and convincing evidence that Defendant Morris is not a danger and is not likely to flee. *See* 18 U.S.C. 3145(c) (requiring that persons also meet the conditions in 18 U.S.C. §3143(a)(1)). The Court also finds that the facts stated above clearly show "that there are exceptional reasons why [Defendant Morris's] detention would not be appropriate" for the three-day period during which he will attend the services for his son. *See* 18 U.S.C. 3145(c).

The Motion for Temporary Release Pending Sentencing [**Doc. 246**] is unopposed and is **GRANTED**. While on release, the Defendant is to remain the conditions of release imposed by the Court at the December 10 hearing, which have been filed in the record in this case. The Court reviewed the conditions with Defendant Morris and Mr. Scott Morris and explained the penalties for violating any of the conditions. **IT IS THEREFORE ORDERED** that the United States Marshal temporarily **RELEASE** Defendant Justin Patrick Morris on the conditions set forth in this Court's Order of Conditional Release. The Clerk of Court is **ORDERED** to provide a certified copy of this Order to the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge